A03A0150. CAROLINA CASUALTY INSURANCE COMPANY et al.
v. RAGAN MECHANICAL CONTRACTORS, INC.
(584 SE2d 646)

ADAMS, Judge.

Ragan Mechanical Contractors, Inc. filed suit against Latco Construction Company, Inc.; Carolina Casualty Insurance Company; and Everest Reinsurance Company seeking to recover for labor and materials supplied as a subcontractor in connection with the construction of Lithonia High School. Latco was the general contractor, and Carolina Casualty and Everest were co-sureties on the performance and payment bonds on the project. Carolina Casualty and Everest appeal from the trial court's grant of partial summary judgment to Ragan. We affirm.

In January 2000, Latco entered into a contract with the DeKalb County Board of Education for the construction of the high school. Pursuant to the terms of this general contract, Latco obtained performance and payment bonds, and these were issued jointly by Carolina Casualty and Everest on behalf of Latco and in favor of the board.

In connection with the project, Latco entered into a subcontract with Ragan on January 18, 2000, for the performance of the mechanical, HVAC and plumbing work. Work proceeded on the project until approximately December 8, 2000, when the board of education issued a stop work directive. As a result, Latco directed Ragan to cease all work on the project. The subcontractor stopped working at that time and never resumed its work. Ragan was not paid for all of the work it performed on the project, although Latco was paid for the work.

On March 6, 2001, the board of education terminated Latco's "right to proceed" on the project, stating that it considered the contractor to be in default. As a result, the board demanded that Carolina Casualty and Everest discharge their obligations under the performance bond. The co-sureties subsequently entered into a Takeover Agreement with the board of education under which they agreed to complete Latco's general contract. The co-sureties engaged the services of de Oplossing, Inc. to manage the project's completion. de Oplossing asked each of Latco's subcontractors to sign a ratification agreement, under which the subcontractor would agree to complete its work on the project.

Ragan declined to sign the ratification agreement, and instead sought to obtain payment for its work on the project from Latco and from the co-sureties under the payment bond. After they refused to

pay Ragan, the company filed this action, and the co-sureties took the position that Ragan had failed to perform its obligation to complete its work under the subcontract.[1] The parties filed cross-motions for partial summary judgment seeking a determination as to whether Ragan's subcontract was terminated when the board terminated Latco's right to proceed. The trial court granted Ragan's motion for partial summary judgment, and denied the co-sureties' motion, holding that Ragan had no further obligations under the subcontract.

1. Carolina Casualty and Everest first assert that the trial court erred in holding that the board of education's termination of Latco's right to proceed also resulted in the downstream termination of Ragan's subcontract. We find no error.

As an initial matter, we note that nothing in the subcontract specifically obligated Ragan to complete its work for the benefit of the co-sureties in the event of Latco's termination. Carolina Casualty and Everest contend, however, that Ragan's obligations to perform continued because the termination provision in the subcontract had not been triggered. Accordingly, this issue is governed by the termination provision found in paragraph 15 of the subcontract, which provides:

> Should [the board of education] terminate the [general] Contract or any part of the [general] Contract which includes the Subcontractor's Work, this Contract shall also be terminated and Subcontractor shall immediately stop Subcontractor's related Work.

Applying the cardinal rule of contract construction, we must ascertain whether the parties intended at the time they entered into the subcontract that Ragan's obligations under that agreement would terminate if the board of education terminated Latco's performance under the general contract. See *Atlanta Development v. Emerald Capital Investments*, 258 Ga. App. 472, 477 (1) (574 SE2d 585) (2002). It is a fundamental rule of contract construction that we must look to the whole contract in arriving at the construction of any part. OCGA § 13-2-2 (4). Accordingly, we must construe the subcontract as a whole in determining the parties' intent under paragraph 15.

Although the parties agree that the subcontract incorporated the general contract by reference, Ragan did not agree to be directly bound to the board of education under that contract. Rather, it undertook only certain obligations in connection with the general

---

[1] Latco subsequently filed a bankruptcy petition, and Ragan's claims against the contractor were stayed under 11 USC § 362 (a).

contract. Specifically, Ragan agreed to perform its work in compliance with the specifications of the general contract and subject to the approval of Latco, the architect and the board of education.[2]

The language of the subcontract demonstrates, however, that Ragan's primary undertaking was to perform its work for the benefit of Latco and for the purpose of enabling Latco to meet its obligations under the general contract. In that connection, under two separate provisions of the subcontract, Ragan assumed *"toward [Latco] all of the obligations and responsibilities that [Latco] assumed toward [the board of education]"* in connection with the mechanical, HVAC and plumbing work on the project. (Emphasis supplied.) In addition, Ragan agreed to start work when notified by Latco and to complete work "at such times as will enable [Latco] to fully comply with the main contract." Thus, while Latco was obligated to the board of education to perform work under the general contract, Ragan was obligated to Latco under the subcontract to assist in performing that work.

Paragraph 15 of the subcontract provides that if the board of education terminated "any part" of the general contract "which includes the Subcontractor's Work," then the subcontract was also terminated. The subcontractor's work was to assist Latco in performing its obligations under the general contract. Therefore, we find that when the board of education terminated Latco's obligation to perform, Ragan's obligation to assist in that performance was also terminated.

Carolina Casualty and Everest assert, however, that paragraph 15 of the subcontract applied only where the board of education terminated the general contract as a whole. And they contend that the board did not terminate the general contract because it wanted to preserve its rights under the performance bond. But this argument ignores the plain language of paragraph 15, which provides that the subcontract will terminate either when the general contract is terminated *or* if "any part" of the general contract involving the subcontractor's work is terminated. This language clearly contemplates that something less than a termination of the entire general contract could trigger the subcontract's termination.

In making their argument, Carolina Casualty and Everest seek to construe the subcontract in connection with the board's rights against the co-sureties under the performance and payment bonds, but the bonds are completely separate from the subcontract and must be construed separately. Thus, we need not address the effect

---

[2] Ragan also agreed to be bound by the liquidated damage provisions of the general contract to the extent that the damages were caused by Ragan.

that Latco's termination had on the co-sureties' obligations under the performance bond in order to determine whether the subcontract was terminated. And the cases upon which the co-sureties rely in support of their argument have no application to the issues before us. See *United States v. Continental Cas. Co.*, 210 FSupp. 433 (S.D. N.Y. 1962); *Appeals of Rayco, Inc. et al.*, 1983 WL 13521 (Eng BCA 1983).

Accordingly, we find that the trial court correctly found that the subcontract had been terminated.

2. Carolina Casualty and Everest also contend that the trial court erred in holding that Ragan was not obligated to perform under the subcontract because Latco breached its obligation to pay Ragan for the work it had already performed. The co-sureties assert that an issue of fact exists as to whether Ragan was entitled to payment for the work performed.

Under the subcontract, Ragan agreed to provide all labor, materials and equipment necessary to timely complete its work and in return, Latco agreed to pay Ragan $1,975,349 in monthly installments based upon the percentage of the work completed "to the full satisfaction of the [board of education], Architect and Contractor." Latco's obligation to pay Ragan was expressly conditioned upon Latco's receipt of payment from the board. Ragan presented evidence that at the time the board of education issued its stop work order, Latco had been paid for work performed by Ragan, but it failed to pay Ragan for that work.

Carolina Casualty and Everest do not dispute that Latco had been paid by the board, but they present affidavit testimony stating that a "significant amount" of Ragan's work was determined to be defective. Ragan counters with affidavit testimony that when de Oplossing took over management of the project, the condition of its work was not as it had been when it was installed because the project site was left unsecured, resulting in damage to much of Ragan's work.

We have already found that Ragan was not obligated to complete its work under the subcontract because that contract had been terminated and that Ragan was entitled to partial summary judgment on that ground. Therefore, we need not determine if the trial court erred in finding that Ragan was also relieved of its obligation to perform because Latco breached the subcontract. But we note that the trial court's order specifically preserved any defenses the co-sureties may have to Ragan's claims for payment. And we agree with the co-sureties that an issue of fact exists as to whether Ragan's work was in compliance with the subcontract and thus whether it is entitled to recover under the payment bond.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 26, 2003 —

*Bovis, Kyle & Burch, John V. Burch, Christina A. Craddock*, for appellants.

*McManus & Graham, John C. McManus, J. Hatcher Graham, Richelo, Morrissey & Wright, Brian J. Morrissey, Allison W. Maffei*, for appellee.